**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 05-0459-PHX-SMM |
| Plaintiff, | No. CV 05-3236-PHX-SMM (JI) |
| vs. | **ORDER** |
| Jose Zamora-Vasquez, | |
| Movant/Defendant. | |

Jose Zamora-Vasquez ("Movant"), presently confined in the Cibola County Correctional Center in Milan, New Mexico, has filed a *pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #18). The Court will dismiss the motion.

**I. Procedural Background**

Movant pled guilty to an information charging a violation of 8 U.S.C. Section 1326(a), enhanced by title 8, U.S.C. Section 1326(b)(2). He was sentenced to a term of 46 months and three years supervised release.

Movant did not appeal. On June 16, 2006, Movant filed an Amended Motion to vacate sentence. In his Amended Motion, Movant raises numerous claims of ineffective assistance of counsel. Movant claims that his counsel failed to file an appeal of his behalf, failed to file a dismissal of the indictment on the grounds that the government required

elements to support the prior conviction, failed to object to the pre-sentence report and that his attorney coerced him to sign a plea agreement (Motion at 4-5).

## II.  Summary Dismissal

A district court shall summarily dismiss a § 2255 application "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 ACTIONS. The district court need not hold an evidentiary hearing when the movant's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); see also Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982) (district court may summarily dismiss without ordering a response where the record conclusively or plainly shows that the movant is not entitled to relief).

## III.  Discussion

The Court finds that Movant has waived the issues set forth in his motion. As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the court's entry of judgment against the defendant and imposition of sentence upon the defendant, provided that the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

(Doc. #12 at 5). Movant also asserted that he discussed the terms with his attorney, agreed to them and understood them, and that he entered into the plea voluntarily. Id. at 6-7.  At a hearing under oath, Movant asserted that he understood his plea and that he made it voluntarily.  He specifically stated that his guilty plea was not the result of force, threats, assurance or promises other than the promises contained in the plea agreement. Id. at 7. Movant also asserted that he understood that he was giving up his right in the future to attack the validity of the conviction and sentence. (Doc. #12 at 5). The Court found that the plea had

1 been made voluntarily and with an understanding of the consequences of the waiver. (Dkts. 8, 13.)

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.), cert. denied, 126 S. Ct. (2005).  For example, a waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. Id.

In his plea agreement, Movant expressly waived issues regarding sentencing and expressly waived both his right to appeal and his right to file a § 2255 action. The Court accepted his plea as voluntarily made. Cf. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000) (waiving appeal of sentencing issues also waives the right to argue on appeal that counsel was ineffective at sentencing), cert. denied, 534 U.S. 921 (2001). Consequently, the Court finds that Movant waived the issues raised in his § 2255 motion. Because Movant has failed to present any claim that could possibly warrant relief, the Court will dismiss his § 2255 Motion.

**IT IS THEREFORE ORDERED** that the Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #18) is **DENIED** and that the civil action opened in connection with this Motion is **DISMISSED**.

DATED this 21st day of July, 2006.

Stephen M. McNamee
United States District Judge

- 3 -